NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3468
_____

UNITED STATES OF AMERICA

v.

JAQUEZ WILLIAMS,
Appellant
_____

On Appeal from the United States District Court
For the District of Delaware
(D.C. No. 1-21-cr-067-001)
District Judge:  Honorable Maryellen Noreika
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 31, 2023

Before:  JORDAN, ROTH, and AMBRO, *Circuit Judges*

(Filed: February 7, 2024)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Jaquez Williams was sentenced to 45 months' imprisonment after pleading guilty

to two counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C.

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

§§ 922(g)(1) and 924(a)(2). He now challenges his sentence, arguing that the District Court erred when it applied an enhanced base offense level and a further enhancement to his sentence. We will affirm.

I. BACKGROUND[1]

In September 2020, the Wilmington Police Department stopped Williams's car following traffic violations. As officers approached his vehicle, they smelled unburnt marijuana. Williams was alone in the car. The officers searched the vehicle and found 35 grams of marijuana in a plastic bag on the front passenger seat. They also found a semiautomatic pistol wrapped in a hooded jacket on the floor underneath that seat. Inside the pockets of the jacket were a plastic vial containing approximately 1.4 grams of marijuana and a cigar wrapper. The officers continued searching the car and discovered empty vials and a digital scale, which the officers believed, based on their training and experience, were items used to sell marijuana.

After his arrest, the police searched Williams's cell phone pursuant to a warrant. They found a text message to Williams asking, "Yo you got any bud? This Cherron[;]" they also found an Instagram message asking, "How much the Quap[?]"[2] (Opening Br.

---

[1] Only the facts underlying the first count of Williams's indictment are relevant to his appeal. Accordingly, we recount only those.

[2] "Bud" is another term for marijuana. *What is Marijuana?*, Nat'l Inst. on Drug Abuse, https://nida.nih.gov/publications/research-reports/marijuana/what-marijuana (last visited Oct. 11, 2023). "Quap" is a slang term "used to describe a quarter pound of some form of street drug[,] [u]sually marijuana[.]" *Quap*, Urban Dictionary, https://urbandictionary.com/define.php?term=quap (last visited Oct. 11, 2023).

at 28.) Williams sent three replies to the Instagram message – "7," "675," and "For you[.]" (Opening Br. at 28.) A police officer interpreted the Instagram message as an inquiry for the price of a quarter pound of marijuana and the replies as a response that the price was $700, but only $675 for the individual who inquired. The text and Instagram messages were all dated three days before the traffic stop.

A grand jury charged Williams with two counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Williams pled guilty to both counts.

A Presentence Investigation Report ("PSR") was prepared and calculated his base offense level as 20, based on a prior Delaware state drug dealing conviction, that the PSR indicated was a predicate controlled substance offense under the Sentencing Guidelines (the "guidelines"). U.S.S.G. § 2K2.1(a)(4)(A). It also recommended a four-level enhancement for Williams's possession of a firearm in connection with another felony offense – namely, possession with the intent to distribute marijuana.[3] U.S.S.G. § 2K2.1(b)(6)(B). After reducing the base offense level by three levels for Williams's acceptance of responsibility, and then applying the firearm-with-drugs enhancement, the probation office calculated a total offense level of 21 and a criminal history category of IV, resulting in a guidelines range of 57 to 71 months' imprisonment.

---

[3] The PSR did not identify the statute constituting the offense in "another felony offense," but it appears to be Del. Code tit. 16, § 4754.

Williams objected to the enhanced base offense level under U.S.S.G.

§ 2K2.1(a)(4)(A), arguing that his prior Delaware drug conviction did not qualify as a

controlled substance offense.  He did not provide any support for that assertion.  In his

sentencing memorandum, however, Williams did not object to the enhanced base offense

level, arguing only that the four-level enhancement was incorrectly applied.  At

sentencing, Williams's counsel explained that Williams intended to maintain the

objection to the PSR's enhanced base offense level solely for the purpose of preserving it,

should a change in law occur, and he conceded that the enhanced base offense level was

correct under current law:

> [COUNSEL FOR WILLIAMS:] Your Honor, we maintain that objection,
> however, we do not intend to make any argument on it given the existing
> case law.  However, it is necessary for my client should law change in the
> future to have made that objection and maintained it in order for him to bring
> it – to bring something forward in the future.  So I wouldn't want to remove
> that option for him, Your Honor, by withdrawing that objection at this time.
>
> THE COURT: Okay.  But you agree that under the case law as it currently
> stands, that the base level is correct?
>
> [COUNSEL FOR WILLIAMS]: We do agree probation is in accordance
> with the law that stands within this particular district, we just feel that that
> isn't correct.
>
> THE COURT: I am going to overrule that objection, but I understand that
> you have preserved it for the future.

(J.A. at 106-07.)

Williams also objected to the four-level enhancement under U.S.S.G.

§ 2K2.1(b)(6)(B), saying that the government failed to prove the seized substance was

marijuana rather than hemp.  At sentencing, the government called an agent of the Bureau

4

of Alcohol, Tobacco, Firearms and Explosives ("ATF") to testify. After observing and smelling the substance obtained during Williams's arrest, the agent testified that both its appearance and smell were "consistent with marijuana." (J.A. at 113-14.). On cross-examination, he admitted that he did not know the difference between marijuana and hemp and that he would not be able to identify hemp if it was in front of him. Williams also argued that the government did not meet its burden to prove that he had intent to distribute marijuana because the items seized at his arrest and the text and Instagram messages proved only that he smoked marijuana.

The District Court found that the government had proved by a preponderance of the evidence that Williams possessed marijuana with intent to distribute. Accordingly, it overruled Williams's objections, adopted the PSR's offense level calculation, and sentenced Williams to a 45-month term of imprisonment, a 12-month downward variance from the guidelines.

Williams timely appealed his sentence.

## II. DISCUSSION[4]

### A. The District Court did not plainly err by applying an enhanced base offense level under U.S.S.G. § 2K2.1(a)(4)(A).

Under the guidelines, an enhanced base offense level of 20 applies "if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" U.S.S.G.

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

5

§ 2K2.1(a)(4)(A). The guidelines define a "controlled substance offense" as, among other things, "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the … possession of a controlled substance … with intent to … distribute[.]" U.S.S.G. § 4B1.2(b).

Williams received an enhanced base offense level of 20 because of a 2017 Delaware state conviction for dealing drugs, a violation of 16 Del. Code § 4754. On appeal, Williams argues, for the first time, that his Delaware conviction did not categorically match the concept of a "controlled substance offense" under the guidelines and that, therefore, it should not have been used as a predicate offense to enhance his base offense level. Because he did not raise that argument before the District Court, it is forfeited.[5] *United States v. Dowdell*, 70 F.4th 134, 146 (3d Cir. 2023) (stating the ordinary rule that an argument not raised in the district court is forfeited on appeal). Accordingly, we review only for plain error. Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

---

[5] The government asserts that Williams waived that argument and that we should therefore not reach it. We disagree. Waiver is "the intentional relinquishment or abandonment of a known right." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 225 (3d Cir. 2007) (internal quotation marks omitted). "Simple concessions without more … qualify as forfeiture, not waiver." *United States v. Henderson*, 64 F.4th 111, 116 (3d Cir. 2023). Although Williams conceded at sentencing that an enhanced base offense level of 20 should apply under current law, nothing in the record suggests that he intentionally and knowingly waived the argument that there was not a categorical match between his Delaware state conviction and the definition of "controlled substance offense" under the guidelines.

To show plain error, the defendant must prove there was (1) an actual error (2) that is plain or obvious, and (3) that affected the outcome of the district court proceedings. *United States v. Olano*, 507 U.S. 725, 732-36 (1993). If those three requirements are met, there is a fourth prong to the plain error test: "an appellate court may grant relief if it concludes that the error had a serious effect on the fairness, integrity or public reputation of judicial proceedings." *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021) (internal quotation marks omitted).

Williams argues that the District Court's application of an enhanced base offense level is plain error because it is a deviation from the categorical approach. But he does not identify any precedent holding that 16 Del. Code § 4754 is not a categorical match for the definition of "controlled substance offense" under the guidelines. And while "it is generally true that lack of precedent alone will not prevent us from finding plain error …, novel questions still must be capable of measurement against some other absolutely clear legal norm." *United States v. Jabateh*, 974 F.3d 281, 299 (3d Cir. 2020) (cleaned up). There is no such clear legal norm here. Indeed, categorical analyses are often complex and fraught with vagaries. *See De Lima v. Sessions*, 867 F.3d 260, 268 (1st Cir. 2017) ("Even a single such categorical analysis is an arduous task" that "is often difficult and time consuming."). That seems to be the case here, as both parties devote significant space in their briefs arguing whether 16 Del. Code § 4754 is divisible, whether the modified categorical approach should be applied, and whether any properly reviewable documents identify the crime with which Williams was charged. (Opening Br. at 12-15; Answering Br. 15-24; Reply Br. at 3-13.) Therefore, even if the District Court wrongly

7

deviated from the categorical approach in applying the enhanced base level here – and we are not saying that it did – that error would not be plain.[6]  Accordingly, we need not address whether Williams's Delaware state conviction was a categorical match to the definition of "controlled substance offense" under the guidelines.

**B.      The District Court correctly applied a four-level enhancement to Williams's sentence for possessing a firearm "in connection with" another felony offense under U.S.S.G. § 2K2.1(b)(6)(B).[7]**

The guidelines apply a four-level sentence enhancement if the defendant "used or possessed any firearm … in connection with another felony offense."  U.S.S.G. § 2K2.1(b)(6)(B).  Applying that enhancement "requires finding, by a preponderance of the evidence, … that the defendant committed another felony offense … and that the firearm facilitated, or had the potential of facilitating, the felony offense."  *United States v. West*, 643 F.3d 102, 110 (3d Cir. 2011).  A sentencing court "may presume that a firearm is used or possessed in connection with a drug-trafficking offense … if the firearm is found in close proximity to drugs or drug paraphernalia."  *United States v. Perez*, 5 F.4th 390, 402 (3d Cir. 2021) (internal quotation marks omitted).  The District

---

[6] It is plain as well that the alleged error does not have any negative effect on the fairness, integrity, or public reputation of the judicial proceedings, so Williams's argument fails the fourth prong of the plain error test.

[7] We "review factual findings relevant to the Guidelines for clear error and … exercise plenary review over a district court's interpretation of the Guidelines."  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007).  "A finding is clearly erroneous when, although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. West*, 643 F.3d 102, 105 (3d Cir. 2011).

Court found by a preponderance of the evidence that Williams possessed marijuana with intent to distribute and applied the enhancement accordingly. There was no error in that conclusion.

Williams continues to argue that "the government failed to prove that the seized substance was marijuana, and not hemp." (Opening Br. at 24.) At sentencing, the judge observed the substance and heard testimony that the substance smelled and looked "consistent with marijuana." (J.A. at 113-14.) Additionally, Williams's PSR, which the Court adopted, included Instagram and text messages that were on his phone and that contained references to marijuana. The PSR also stated that Williams was a daily user of marijuana and that he admitted to using marijuana on the day of his arrest. That an ATF agent acknowledged he could not tell the difference between marijuana and hemp is an insufficient basis, on this record, to say that the District Court clearly erred in its fact-finding. On the contrary, there is ample evidence to support the District Court's finding, by a preponderance of the evidence, that Williams possessed marijuana.

Williams also argues that the government failed to prove that he intended to distribute the seized substance. To show Williams's intent to distribute marijuana, the District Court pointed to the numerous plastic vials, including one that had marijuana in it, the digital scale, the handgun, and the text and Instagram messages that referenced the sale of marijuana. In response, Williams points out that he had no money with him when he was arrested, that the amount of recovered marijuana was relatively small, that those who use marijuana often have scales, that he used marijuana daily, and that the text and Instagram messages were correspondence between friends planning to smoke together.

9

None of those things, even accepted as true, makes the District Court's conclusion about Williams's intent erroneous. The four-level enhancement stands.

## III. CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.